JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: john_rhodes@fd.org

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HAPTEI JOHN KOZAK,<br><br>Defendant. | CR 24-21-M-DWM<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

HAPTEI JOHN KOZAK, the above-named Defendant, by and through his counsel of record, JOHN RHODES and the FEDERAL DEFENDERS OF MONTANA, hereby submits this sentencing memorandum in support of his request for a below-Guidelines sentence. Mr. Kozak pled guilty to four counts of false statement during firearms transaction, in violation of 18 U.S.C. § 922(a)(6). These offenses carry a statutory maximum sentence of ten years imprisonment. The

Presentence Report ("PSR") calculates a Total Offense Level of 17 and a Criminal History Category of I, for a Guidelines sentencing range of 24-to-30 months. Mr. Kozak has one objection to the PSR.

## PSR OBJECTION

The PSR applies the base offense level at U.S.S.G. § 2K2.1(a)(6), alleging that Mr. Kozak was a prohibited person at the time he committed the instant offense. The government has the burden of showing Mr. Kozak was prohibited from possessing a firearm at the time of the offense, and has not offered adequate evidence to support this enhancement. Pursuant to U.S.S.G. § 2K2.1(a)(7), the correct base offense level is 12, and with the corresponding adjustments, his Total Offense Level is 17, and the Guidelines sentencing range is 24-to-30 months.

## ARGUMENT

**A.    A term of supervised release is unnecessary.**

Mr. Kozak is a Canadian citizen. Mr. Kozak will be removed to Canada following completion of his sentence.

The governing term of supervised release is at no more than three years, per 18 U.S.C. § 3582(b)(2). No term of supervised release is required or necessary. *See* U.S.S.G. § 5D1.1(c).

Section 5D1.1(c) of the Guidelines provides:

> (c) The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the

> defendant is a deportable alien who likely will be deported after imprisonment.

U.S.S.G. § 5D1.1(c).

For these reasons, a term of supervised release is superfluous.

**B.     Mr. Kozak has a strong employment background.**

Mr. Kozak's work history further supports a below-Guidelines sentence. "Bushway and Reuter (1997) found that 'employment remains one of the most important vehicles for hastening offender reintegration and desistance from crime.' Sampson and Laub (1993) found that obtaining a job was one of the most powerful factors in reducing future criminal behavior.  In a study of federal offenders, Johnson (2007) found a high correlation between employment and the outcome of supervision.  Unemployed offenders were more likely to be revoked, while nine out of ten employed offenders completed supervision successfully."  Jack McDonough and William Burrell, *Offender Workforce Development: A New (and Better?) Approach to an Old Challenge*, 72 Federal Probation, Number 2 (Sept. 2008).

Mr. Kozak has an employment background in home construction, PSR ¶ 80; more importantly, Mr. Kozak co-owns a rental company in Kelowna, British Columbia, renting out watercraft and hosting boat tours.  PSR ¶ 79.  Mr. Kozak is committed to this venture and hopes to grow the business when he has completed his sentence and returned to Canada.  PSR ¶ 82.

First, though, he wants to further his education. Mr. Kozak recently completed a certification program in project management through Okanagan College in British Columbia. PSR ¶ 77. He intends to continue his studies at Okanagan College and the University of British Columbia, and pursue a degree in civil engineering. *Id*.

Conversely, in prison, access to workforce development services is limited. "[T]he combination of elevated crowding and reduced staffing has decreased [BOP's] ability to provide all inmates with the necessary range of programs that provide the job skills and life skills necessary to prepare them fully for a successful reentry into the community." Hearing Before the Subcommittee on Commerce, Justice, Science, and Related Agencies, Committee on Appropriations, U.S. House of Representatives Concerning Federal Prisoner Reentry and the Second Chance Act at 3 (Mar. 10, 2009) (Statement of Harley G. Lappin, Director, Federal Bureau of Prisons), available at http://www.gpo.gov/fdsys/pkg/CHRG-111hhrg51247/pdf/CHRG-111hhrg51247.pdf. "At present, [the Federal Prison Industries program] reaches only 13 percent of the BOP inmate population; this is a 30-percent decrease from just 6 years ago." *Id*. at 5.

## C.     Mr. Kozak has no scorable criminal history.

Mr. Kozak is a zero-point offender; he has no scorable criminal history. His few prior convictions are Canadian, and thus do not score; furthermore, those convictions happened when Mr. Kozak was a minor, between the ages of 16 and 17. He has one further law enforcement contact in 2018, which did not result in a conviction, and appears to have been innocent conduct. Mr. Kozak has no other contact with law enforcement in the past six years.

While the nature of the offense of conviction precludes the application of the zero-point offender reduction at U.S.S.G. § 4C1.1, the facts of Mr. Kozak's lack of criminal history, rehabilitation and stability also point toward a reduced risk of future recidivism. His life parallels the requisites of a recidivism-free life: he has a strong employment background, PSR ¶¶ 79-81, a supportive family life, PSR ¶¶ 55, 59, and a positive, steadfast commitment towards his future, his purpose in life, and his ability to change.

> Desistance factors include full-time employment in a satisfactory job, a high-quality marriage bond, pro-social peers, a sense of control over one's future, a purpose in life, an ability to contemplate change, and community connections.

Denise Barrett, Formulating a Correctional Treatment Plan In Keeping with the Purposes of Sentencing (2014), 2, available at https://www.fd.org/docs/select-topics/sentencing-resources/formulating-a-correctional-treatment-plan.pdf?sfvrsn=2.

The decisive indicator for a low risk of recidivism are Mr. Kozak's zero criminal history points.  United States Sentencing Commission, The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders (2017); see also United States Sentencing Commission, Recidivism and the "First Offender" at 8 (2004).

- "Offenders with zero criminal history points had a lower rearrest rate than offenders with one criminal history point, a slightly longer median time to rearrest, and less serious rearrest offenses." *Id*. at 6.

- "Offenders with zero criminal history points and no prior contact with the criminal justice system had an 11.7 percentage point lower recidivism rate than offenders with zero criminal history points and some prior contact with the criminal justice system, such as arrests or convictions that do not receive points (25.7% compared to 37.4%)." *Id*.

Lack of criminal history is something courts have consider:  "There is a [real] demonstrable difference in the recidivism rates of real first offenders as compared to other defendants in Criminal History Category I.  Minimal or no prior involvement with the criminal justice system is a powerful predictor of a reduced likelihood of recidivism." *United States v. Germosen*, 473 F. Supp. 2d 221, 227 (D. Mass. 2007) (citations omitted).

**D.      Mr. Kozak opposes imposition of a fine.**

The government may seek the imposition of a fine in this case.  *See* PSR Addendum.  Mr. Kozak opposes the imposition of a fine.  He was determined to be indigent and financially unable to retain counsel.  (Doc. 6.)  Mr. Kozak does not believe that his current financial circumstances suggest he would be able to pay a fine, and there is no certainty that his future earnings would allow him to do so, either.

## CONCLUSION

Mr. Kozak is young, hard working, and looking forward to returning to his Canadian home.  Mr. Kozak respectfully requests a below-Guidelines sentence, with no term of supervised release to follow.

RESPECTFULLY SUBMITTED this 24th day of September, 2024.

HAPTEI JOHN KOZAK

/s/ John Rhodes
JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
    Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024 a copy of the foregoing document was served on the following persons by the following means:

| | | |
|---|---|---|
| 1,2 | | CM-ECF |
| ___ | | Hand Delivery |
| 4 | | Mail |
| ___ | | Overnight Delivery Service |
| ___ | | Fax |
| 3 | | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. JENNIFER S. CLARK
   Assistant U.S. Attorney
        Counsel for the United States of America

3. ASHLEY HUNTER
   United States Probation Office

4. HAPTEI JOHN KOZAK
        Defendant

By:   /s/ John Rhodes
      JOHN RHODES
      Assistant Federal Defender
      Federal Defenders of Montana
           Counsel for Defendant

Federal Defenders of Montana
125 Bank Street, Suite 710
Missoula, Montana 59802
(406) 721-6749

8